Filed 6/25/21  P. v. Ricketts CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMAN RICKETTS,<br><br>    Defendant and Appellant. | B307605<br>(Los Angeles County<br> Super. Ct. No. BA482810) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

California Appellate Project, Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Arman Ricketts committed at least one of a series of robberies of casino patrons between late April and mid-May 2019. In November 2019, a felony complaint was filed charging appellant with six counts of robbery (Pen. Code,[1] § 211), attempted robbery (§§ 664/211), and conspiracy to commit robbery (§ 182, subd. (a)(1)). It was also alleged that appellant committed these crimes to promote, further or assist criminal gang activity. (§ 186.22, subd. (b)(1).) As to one count, it was further alleged that appellant used a firearm. (§ 12022.53, subd. (b).)

In July 2020, appellant waived his rights to a preliminary hearing and trial, pled no contest to one count of second-degree robbery and admitted the gang allegation as to that count. Prior to entry of judgment, appellant moved to withdraw his plea, alleging that he had not understood the ramifications of his plea or the nature of the rights he waived as a result of medication he took before entering into the plea agreement.

Appellant's motion was argued and denied. Appellant was sentenced to 15 years in state prison (the upper term of five years for the robbery count, plus 10 years for the gang enhancement). The court imposed fees and a restitution fine against appellant, awarded him pre-sentence credits and entered judgment. This timely appeal followed.[2]

---

[1] Statutory references are to the Penal Code.

[2] The appeal lies as to alleged sentencing errors that do not affect the validity of appellant's plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)

We appointed counsel to represent appellant. On February 9, 2021, appellate counsel filed an opening brief raising no issues and asking us to independently review the record to determine whether any arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant did not respond to our February 9, 2021, letter advising him of his right to file supplemental briefing raising any contentions or arguments he wished this court to consider.

We have examined the entire record and are satisfied that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–279; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.

3